UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EUSEBIO ESCOBAR-DE-JESUS,

    Petitioner,

v.                                                        Case No. 5:13-cv-136-Oc-30PRL

WARDEN, FCC COLEMAN- MEDIUM,

    Respondent.

## ORDER DISMISSING PETITION

Petitioner, *pro se*, is a federal prisoner serving a life term of imprisonment. Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), in which he challenges his conviction and sentence imposed in the District of Puerto Rico.[1] Petitioner seeks retroactive application of the Sentencing Guidelines Amendment 591. Respondent maintains the Petition should be dismissed because Petitioner has previously sought retroactive application of the Amendment and he cannot show that he is entitled to review of his claims under the savings clause of §2255. (Doc. 5).

---

[1] A federal jury in the District of Puerto Rico convicted Petitioner of sixteen drug, assault, and weapons-related counts, including engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a) & (c) (count one), and causing an intentional killing while engaged in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e) (count twelve). See United States v. Escobar-de Jesus, 187 F.3d 148, 156-57 (1st Cir. 1999).

**Discussion**

Petitioner attacks the validity of his sentence rather than the means of its execution. Petitioner acknowledges that he unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court.[2] Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. *See* 28 U.S.C. § 2255. However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, <u>or that such court denied him relief</u>[.]"

Petitioner also has filed four motions pursuant to 18 U.S.C. § 3582(c)(2), seeking retroactive application of sentencing guidelines Amendments 505 and 591. *See* <u>United States v. Escobar de Jesus,</u> case No. 3:90-cr-130-PG at Docs. 1097, 1138, 1171, 1199. The district court denied all of Petitioner's motions. Petitioner appealed to the First Circuit, which repeatedly affirmed the district court's denial of section 3582 relief. <u>Id</u>. Thus, the instant Petition is without merit, successive and an abuse of the writ.[3]

**Conclusion**

In light of these conclusions, which unmistakably govern the disposition of the Petition in this case, Petitioner is not entitled to habeas relief in this § 2241 proceeding. Any

---

[2] *See* Doc. 1, pg. 2.

[3] <u>See</u> <u>Glumb v. Honsted</u>, 891 F.2d 872, 873 (11th Cir. 1990) (previously adjudicated issues are barred by the successive writ rule and the abuse of the writ doctrine).

of Petitioner's allegations not specifically addressed herein have been found to be without merit. Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 16, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record